IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J.R.K.,[1]

    Plaintiff,

v.

MARTIN J. O'MALLEY, Acting Commissioner
of the Social Security Administration,

    Defendant.

Case No. 24-2372-DDC

## MEMORANDUM AND ORDER

Before the court is plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3), docketed August 21, 2024. Plaintiff's Complaint asks the court to review the final "Unfavorable Decision" on plaintiff's "application for a period of disability" by the Acting Commissioner of the Social Security Administration. Doc. 1 at 1 (Compl. ¶ 1). Plaintiff asserts that the Commissioner's decision "was not based on substantial evidence in the record." *Id*. Plaintiff's filing includes an Affidavit of Financial Status supporting plaintiff's request. Doc. 3-1. For the reasons explained below, the court grants plaintiff's application.

Title 28 U.S.C. § 1915(a)(1) authorizes the court to permit a plaintiff to commence an action without prepayment of fees—*i.e.*, to proceed *in forma pauperis* (IFP)—if certain conditions are satisfied. Although the statute speaks of incarcerated individuals, it "applies to all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (citations omitted).

---

[1]     The court makes all of its Memoranda and Orders available online. Therefore, as part of the court's efforts to preserve the privacy interests of Social Security claimants, it has decided to caption these opinions using only plaintiff's initials.

Section 1915(a)(1) requires that plaintiff demonstrate an inability to afford the costs of litigation. The court has "wide discretion" to grant motions to proceed IFP. *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006) (quotation cleaned up). And the court should adopt a "liberal policy" that permits proceeding IFP "when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay." *Watley ex rel. A.E.R.V.W. v. Saul*, No. 20-1019-KHV, 2020 WL 1689679, at *1 (D. Kan. Apr. 7, 2020) (citation omitted). But the court may not rule such requests arbitrarily or erroneously. *Garcia*, 164 F. App'x at 786 n.1. Thus, "to succeed on a motion to proceed IFP," a movant "must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument . . . in support of the issues raised in the action." *Lister*, 408 F.3d at 1312 (citation omitted). When one's "monthly income exceeds [her] monthly expenses by a few hundred dollars[,]" then she has "sufficient income to pay the filing fees[.]" *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002).

An "application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008). To evaluate the application, a district court "should examine the papers and determine if the requirements of 28 U.S.C. § 1915(a) are satisfied. If they are, leave should be granted." *Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (quotation cleaned up). If the court later discovers that "'the allegations of poverty are untrue, it can dismiss the proceeding[.]'" *Smith v. Torrez*, 428 F. Supp. 3d 629, 633 (D.N.M. 2019) (quoting *Oughton v. United States*, 310 F.2d 803, 804 (10th Cir. 1962)).

Exercising its discretion, the court finds that plaintiff has made the requisite showing. The motion asserts that plaintiff is "unable to pay the fees and costs of this case" due to her

financial status.  Doc. 3 at 1.  The attached affidavit testifies that plaintiff is unemployed.  Doc. 3-1 at 2.  Plaintiff supports three minor children.  *Id.*  Plaintiff hasn't reported any source of income aside from minimal child support payments.  *Id.* at 5.  And in the last year, plaintiff received food stamps.  *Id.* at 4.  She has negligible cash on hand.  *Id.*  Her alleged monthly expenses and outstanding obligations, taken together, far exceed her monthly income.  *Id*. at 2–5; *see Brewer*, 24 F. App'x at 979 (denying plaintiff the ability to proceed IFP because his income exceeded his monthly expenses by "a few hundred dollars").  Last, plaintiff's Complaint alleges "a reasoned, nonfrivolous argument . . . in support of the issues raised in the action" by contesting the substantiality of the evidence and the legal accuracy of the Commissioner's decision.  *Lister*, 408 F.3d at 1312 (citation omitted).  So, plaintiff has "show[n] a financial inability to pay the required filing fees" for facially legitimate allegations.  *Id.*

    **IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Proceed Without Prepayment of Fees, Costs, or Security (Doc. 3) is granted.  The Clerk is directed to notify the U.S. Attorney for the District of Kansas and the Social Security Administration's Office of General Counsel under D. Kan. R. 83.7.2(a)(2) and Fed. R. Civ. P. Supp. Rules for Social Security Actions under 42 U.S.C. § 405(g).

    **IT IS SO ORDERED.**

    **Dated this 30th day of September, 2024, at Kansas City, Kansas.**

                                     **s/ Daniel D. Crabtree**
                                     **Daniel D. Crabtree**
                                     **United States District Judge**