## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

J.R.K.,[1]

                    **Plaintiff,**

v.

**FRANK BISIGNANO,[2]**
**Commissioner of the Social Security**
**Administration,**

                    **Defendant.**

Case No. 24-2372-DDC

### MEMORANDUM AND ORDER

Plaintiff J.R.K. filed this lawsuit seeking judicial review of an adverse benefits decision by defendant, the Commissioner of the Social Security Administration. Doc. 1. The court reversed the agency's decision under sentence four of 42 U.S.C. § 405(g) and remanded the case for rehearing. Doc. 18. Plaintiff now has moved for an award of attorney fees under the Equal Access to Justice Act (EAJA). Doc. 21.

Under the "EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172

---

[1] As part of the court's efforts to preserve the privacy interests of Social Security claimants, it has decided to caption its orders using only plaintiff's initials.

[2] Frank Bisignano was confirmed as the Commissioner of the Social Security Administration in 2025. The court thus substitutes Mr. Bisignano as the defendant here under Fed. R. Civ. P. 25(d). Under the last sentence of 42 U.S.C. § 405(g), neither the parties nor the court needs to take further action to complete this process.

(10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)).  On the first element, plaintiff secured a remand under sentence four of 42 U.S.C. § 405(g) and is thus a prevailing party.  *Id.* at 1168.  On the second element, "the Commissioner had the burden of proof to show that [his] position was substantially justified."  *Hackett*, 475 F.3d at 1172.  The Commissioner has not opposed plaintiff's motion, Doc. 20 at 1, so the court considers this second element satisfied.  Finally, the court can't detect any special circumstances creating an unjust fee award, nor does the Commissioner argue any such circumstances exist.  On the contrary, the parties have stipulated to the fee award, suggesting the requested award is appropriate.  *Id.*  With all three elements satisfied, the court concludes that it must award EAJA attorney fees.

Once "the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant."  *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008).  The burden falls on plaintiff to establish the award, "documenting the appropriate hours expended and hourly rates."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  A fee "applicant should exercise billing judgment with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."  *Id.* (quotation cleaned up).  "In assessing EAJA fee requests, district courts routinely note that it typically takes between twenty to forty hours to fully prosecute a social security appeal."  *Roxanne C. v. Colvin*, No. CV 23-233 GBW, 2025 WL 89295, at *3 (D.N.M. Jan. 14, 2025) (collecting cases).

Here, plaintiff submits that her attorney worked 30.8 hours on this case.  Doc. 21-1.  That quantity occupies the mid-point of the typical range of 20–40 hours.  What's more, plaintiff's attorney provided a detailed summary outlining how he spent each hour.  *Id.*  Multiply these

hours by the statute-prescribed $125 hourly rate—adjusted for inflation to $234.85 for the 21.7 hours worked in 2024 and $242.11 for the 9.1 hours worked in 2025—and plaintiff calculates $7,299.44 in attorney fees. *Id.* Yet plaintiff requests only $7,000 in attorney fees—a reasonably reduced request. Doc. 21 at 1. The Commissioner has stipulated to this sum, Doc. 20 at 1, further suggesting reasonableness. The court thus concludes that plaintiff's fee request—both in terms of hours worked and hourly rate—is reasonable.

In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA attorney fee is payable to the plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt the litigant may owe to the United States. In addition, if plaintiff's counsel ultimately receives an award of attorney fees under 42 U.S.C. § 406(b), counsel must refund the smaller award to plaintiff as established in *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS THEREFORE ORDERED BY THE COURT THAT** under 28 U.S.C. § 2412, plaintiff is granted attorney fees under the EAJA in the amount of **$7,000.00**. The check for attorney fees should be made payable to plaintiff and mailed to plaintiff's attorney's address.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Attorney Fees (Doc. 21) is granted.

**IT IS SO ORDERED.**

**Dated this 1st day of April, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

3